STANLEY GOFF (Bar No. 289564)
LAW OFFICE OF STANLEY GOFF
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

Attorneys for Plaintiff Christal Mosteiro

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| CHRISTAL MOSTEIRO;<br><br>        Plaintiffs,<br><br>v.<br><br><br>SAN JOAQUIN COUNTY, SHERIFF STEVE MOORE, ZACHARY SIMMONS AND DOES 1-25;<br><br>        Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Violation of Plaintiff's Fourteenth Amendment Rights 42 U.S.C §1983 (Due Process and *Monell*);<br><br>2. Violation of the First Amendment 42 U.S.C. §1983<br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiff, demanding a jury trial, brings this action against Defendants SAN JOAQUIN COUNTY, SHERIFF STEVE MOORE, ZACHARY SIMMONS, and DOES 1-25, inclusive, for general, consequential, compensatory, punitive and statutory damages, costs and attorneys' fees resulting from defendants' unconstitutional and tortious conduct, and as grounds therefore allege as follows:

### I. PARTIES

1. Plaintiff Christal Mosteiro, was at all times relevant to this complaint, living in San Joaquin County, which is located within the Eastern District of California.

2. Defendant SAN JOAQUIN COUNTY is a legal entity established under the laws of the state of California with all the powers specified and necessarily implied by the Constitution and laws of the State of California. SAN JOAQUIN COUNTY is a municipality located within the Eastern District of California.

3. Defendant STEVE MOORE was all times relevant to this complaint employed as the Sheriff of San Joaquin County, who at the time of incident had supervisory authority over Danny Swanson.

4. Defendant ZACHARY SIMMONS was at all times relevant to this complaint employed as sheriff's deputy for San Joaquin County.

5. Defendants Does 1-25 are defendants whose identities and capacities are unknown at this time to plaintiff.

6. All defendants acted under the color of law as it pertains to this complaint.

### II. JURISDICTION AND VENUE

7. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and 12132 and the Eighth and Fourteenth Amendments to the United States Constitution, made applicable to Defendant through the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction

2

over plaintiff's claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a). This Court has further jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367 as those claims form part of the same case and controversy under Article III of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this action, occurred in San Joaquin County, which is located in this district.

### III. STATEMENT OF FACTS

9.  On multiple occasions, the Defendant Zachary Simmons engaged in the sexual battery, sexual harassment and sexual discrimination of the Plaintiff.

10. It is understood and believed that the Defendant Zachary Simmons, was regularly assigned to the housing area of the Plaintiff (who was a pre-trial detainee at the San Joaquin County Jail).

11. It is understood and believed that the Defendant Zachary Simmons, who was regularly assigned to the Plaintiff's housing area, on at least one occasion, approached the Plaintiff and her cellmate's housing cell and asked them if they had boyfriends.

12. It is understood and believed that the Defendant Zachary Simmons, who was regularly assigned to the Plaintiff's housing area, on at least one occasion, approached the Plaintiff and her cellmate's housing cell at 3:00 a.m. and asked them if they were ready, and when the Plaintiff and her cellmate asked "ready for what?" the Defendant replied "to play with their pussies"

13. It is alleged and believed that on at least one occasion, the defendant grabbed the Plaintiff's buttocks for sexual gratification.

14. It is alleged and believed that later the same day that the defendant grabbed the Plaintiff's buttocks for sexual gratification, he came to her cell that evening and propositioned her to have sex with him in exchange for favors in the jail.

15. It is alleged and believed that after the Plaintiff filed a complaint against the Defendant for his conduct, that he called the Plaintiff a snitch and that she suffered acts of retaliation by the Defendant and other San Joaquin County Sheriff staff members.

16. Upon information and belief, San Joaquin County does not train, or inadequately trains its deputies regarding the handling and care of its inmates, which led to the sexual abuse of the Plaintiff. Furthermore, San Joaquin County has a widespread or longstanding custom and practice of not carefully monitoring its deputies regarding their handling of inmates, together with its lack of, or inadequate, training amounts to deliberate indifference towards the constitutional rights of individuals.

17. Upon information and belief STEVE MOORE was the Sheriff and final policy maker for the San Joaquin County Sheriff's Department at the time of the incident in question. In that capacity, STEVE MOORE was responsible for implementing policies at the San Joaquin County Sheriff's Department and the San Joaquin County Jail, that have led to the lack of, or inadequacy of training of San Joaquin County Deputies, regarding their handling of inmates which led to the sexual abuse of the Plaintiff by Zachary Simmons.

18. Furthermore, under STEVE MOORE, the San Joaquin County Sheriff's Department has had, maintained, and fostered a widespread or longstanding custom and practice of allowing its inmates to be abused by its deputies. Two such instances are the case of: Correctional Officer Matthew Mettler, who was shown on video striking a cuffed detainee on August 24, 2017, in which the video shows Correctional Officer Mettler entering a holding area were the detainee was sitting, legs and arms cuffed, and apparently posing no threat, and inexplicably, strikes the man in the head; and the case of Correctional Officer Ray De Jesus who was charged with misdemeanor assault after allegedly striking an inmate several times on Dec. 10, 2017.

4

## IV. CAUSES OF ACTION

### FIRST CLAIM

**(Violation of Plaintiff's Fourteenth Amendment Rights 42 U.S.C §1983 as to Defendant Simmons) and (*Monell* – as to Defendant San Joaquin County)**

19. Plaintiff incorporates herein by reference the preceding paragraphs of this complaint as fully set forth herein.

20. That Defendant Zachary Simmons, acting under color of law, violated the Plaintiff's due process rights in violation of the Fourteenth Amendment when he approached the Plaintiff and her cellmate housing cell and asked them if they had boyfriends and then approached the Plaintiff and her cellmate later at 3:00 a.m. and asked them if they were ready for him "to play with their pussies"

21. That Defendant Zachary Simmons, acting under color of law, violated the Plaintiff's due process rights in violation of the Fourteenth Amendment when he approached the Plaintiff, grabbed her buttocks for the purpose of his own sexual gratification, and then later came to the Plaintiff's cell and propositioned her to have sex with him in exchange for favors.

22. That all of the conduct alleged above by Zachary Simmons served no legitimate penological purpose.

23. That all of the conduct alleged above by Zachary Simmons was 'offensive to human dignity'.

24. Defendant SAN JOAQUIN COUNTY deprived Plaintiff of her rights, privileges, and immunities secured by the United States Constitution by, among other things, does not train, or inadequately trains its deputies in how to handle inmates, which has led to the violation of the Plaintiff rights under the Fourteenth Amendment.

25. Furthermore, SAN JOAQUIN COUNTY has a widespread or longstanding custom and practice of not carefully handling inmates in their custody, together with its lack of, or inadequate, training amounts to deliberate indifference towards the constitutional rights of individuals.

26. As a direct result of the actions of SAN JOAQUIN COUNTY, Plaintiff's constitutional rights were violated, resulting in her injuries.

27. The conduct of Defendant Zachary Simmons was intended to cause injury to the Plaintiff and was done in conscious disregard of Plaintiff's rights and safety and thus constitutes malice. Thus, Plaintiff is entitled to recover punitive damages from Defendant Zachary Simmons in an amount according to proof.

**(Violation of First Amendment Rights 42 U.S.C §1983 (As to Defendant Simmons)**
**SECOND CLAIM**

28. That Defendants, acting under color of law, engaged in retaliatory acts because the Plaintiff filed a grievance, informing officials of his conduct.

29. That the conduct of the defendant was against the Plaintiff's First Amendment right to speech and to petition the government for redress.

30. That the defendant's conduct constituted an adverse action against the Plaintiff.

31. That because of the Plaintiff's protected conduct, the defendant's actions chilled the Plaintiff's exercise of her First Amendment rights and;

32. The defendant's actions did not reasonably advance a legitimate correctional goal.

6

## V. PRAYER FOR RELIEF

Plaintiffs pray for judgment against defendants as follows:

1. For compensatory damages and other special damages according to proof;

2. For general damages according to proof;

3. For punitive damages against all individual defendants according to proof;

4. The prejudgment interest at the legal rate according to proof;

5. For costs and reasonable attorneys' fees as provided by law; and

6. For such other relief as the Court may deem fit and proper.

## VI. JURY DEMAND

Plaintiffs demand a jury trial in this action.

LAW OFFICE OF STANLEY GOFF

Dated:  April 4, 2019                _/s/ STANLEY GOFF_____
                                        STANLEY GOFF
                                        Attorney for Plaintiff
                                        Christal Mosteiro

7