UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTAL MOSTEIRO,<br><br>Plaintiff,<br><br>v.<br><br>SAN JOAQUIN COUNTY, SHERIFF STEVE MOORE, ZACHARY SIMMONS and DOES 1–25,<br><br>Defendants. | No. 2:19-cv-00593-MCE-DB<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Christal Mosteiro ("Plaintiff") initiated this civil rights action against Defendants San Joaquin County ("County"), former Sheriff Steve Moore ("Sheriff Moore"), and Sheriff's Deputy Zachary Simmons ("Simmons") seeking to recover damages resulting from Defendants' alleged unconstitutional and tortious conduct. Plaintiff's Complaint was dismissed with leave to amend (Order, ECF No. 10), and she subsequently filed the operative First Amended Complaint (ECF No. 11) ("FAC") alleging the following claims for relief:  (1) violation of Plaintiff's Fourteenth Amendment Rights pursuant to 42 U.S.C. § 1983 ("§ 1983") as to Simmons and Sheriff Moore and Monell as to the County, and (2) violation of Plaintiff's First Amendment Rights pursuant to § 1983 as to Simmons and Monell as to the County.  Presently before the Court is the County and Sheriff Moore's Motion to Dismiss the First and Second Claims for Relief under

Federal Rule of Civil Procedure 12(b)(6).[1]  ECF No. 12.  For the reasons set forth below, that Motion is GRANTED.[2]

## BACKGROUND[3]

Plaintiff alleges that while she was a pre-trial detainee at the San Joaquin County Jail, Simmons engaged in sexual battery, sexual harassment, and sexual discrimination against her.  According to Plaintiff, Simmons, who was assigned to her housing area, committed the following acts on more than one occasion:  (1) he visited Plaintiff's housing cell and asked her and her cellmate if they had boyfriends; (2) he came to Plaintiff's housing cell at 3 A.M. and asked her and her cellmate if they were ready "to play with their pussies"; and (3) he grabbed Plaintiff's buttocks for sexual gratification.  Plaintiff further alleges that Simmons propositioned her to have sex with him in exchange for favors.  Lastly, when Plaintiff filed a complaint against Simmons for his conduct, he allegedly called Plaintiff a "snitch," leading to acts of retaliation by Simmons and other staff members.

## STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6),[4] all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  <u>Cahill v. Liberty Mut. Ins.</u>

---

[1] Because the present Motion is brought by the County and Sheriff Moore, the scope of the Court's Memorandum and Order is limited to those Defendants.

[2] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Local Rule 230(g).

[3] The following recitation of facts is taken, sometimes verbatim, from Plaintiff's FAC.

[4] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

Co., 80 F.3d 336, 337–38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief."  Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."  Id. (citing Wright & Miller, supra, at 94, 95).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."  Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no

3

"undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS[5]

### A.   First Claim for Relief: Violation of Fourteenth Amendment

#### 1.   County

Plaintiff alleges that the County has a widespread or longstanding custom and practice of ratifying its deputies and staff's sexual abuse of female inmates. FAC ¶ 31. Plaintiff also claims the County failed to train its deputies and staff regarding the handling and care of inmates. Id. ¶¶ 16, 32. Municipalities and local officials cannot be vicariously liable for the conduct of their employees under § 1983, but rather are only "responsible for their own illegal acts." Connick v. Thompson, 563 U.S. 51, 60 (quoting

---

[5] As a preliminary matter, the Court recognizes both the County and Sheriff Moore's assertion that the FAC fails to provide any dates as to when the alleged events occurred and their suggestion that Plaintiff's claims are likely time-barred. Mem. ISO Mot. Dismiss, ECF No. 12, at 1 (referring to Plaintiff's Government Claim which states that the alleged events took place on October 8, 2015); see also Jackson v. Barnes, 749 F.3d 755, 761 (9th Cir. 2014) (stating the applicable statute of limitations period for § 1983 claims is two years). Given the Court's decisions below, it need not reach these issues.

4

Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 665–83 (1978)).  In other words, a municipality may only be liable where it individually caused a constitutional violation via "execution of a government's policy or custom, whether by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy."  Monell, 436 U.S. at 694.

> Municipal liability may be premised on:  (1) conduct pursuant to an expressly adopted official policy; (2) a longstanding practice or custom which constitutes the "standard operating procedure" of the local government entity; (3) a decision of a decision-making official who was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision; or (4) an official with final policymaking authority either delegating that authority to, or ratifying the decision of, a subordinate.

Young v. City of Visalia, 687 F. Supp. 2d 1141, 1147 (E.D. Cal. 2009) (citing Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008); Lytle v. Carl, 382 F.3d 978, 982 (9th Cir. 2004); Ulrich v. City of S.F., 308 F.3d 984–85 (9th Cir. 2002); Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996)).  A plaintiff bears the burden of demonstrating that the policy or custom was a "moving force" of the constitutional deprivation and that the alleged injury would have been avoided had the municipality had a constitutionally proper policy.  Long v. Cty. of L.A., 442 F.3d 1178, 1190 (9th Cir. 2006); see Monell, 436 U.S. at 694 (requiring plaintiff to show that an official "policy or custom . . . inflicts the injury").

A municipality's failure to train its employees may create § 1983 liability where the "failure to train amounts to deliberate indifference to the rights of persons with whom the [employees] come into contact."  City of Canton v. Harris, 489 U.S. 378, 390 (1989); Lee v. City of L.A., 250 F.3d 668, 681 (9th Cir. 2001).  A plaintiff alleging a failure to train must show that:

> (1) [H]e was deprived of a constitutional right; (2) the [municipality] had a training policy that "'amounts to deliberate indifference to the [constitutional] rights of the persons' with whom [its employees] are likely to come into contact"; and (3) his constitutional injury would have been avoided had the [municipality] properly trained those officers.

Blankenhorn v. City of Orange, 485 F.3d 463, 484 (9th Cir. 2007); see Lee, 250 F.3d at 681 (quoting City of Canton, 489 U.S. at 388–89).

Here, Plaintiff's claim against the County contains allegations that are nothing more than recitations of the law on Monell liability and thus are entirely conclusory. Plaintiff does not identify any County policy, practice, or custom, or demonstrate how a custom or practice was the "moving force" behind Plaintiff's harm. Furthermore, Plaintiff fails to identify what training practices the County had or how these practices were deficient. Therefore, Plaintiff's First Claim for Relief against the County is DISMISSED with one final leave to amend.

### 2. Sheriff Moore

Plaintiff seeks to hold Sheriff Moore liable in his individual capacity because he knew or reasonably should have known that Simmons was abusing Plaintiff and that Simmons and other deputies were retaliating against her. FAC ¶¶ 24–28. Plaintiff further alleges that Sheriff Moore was responsible for implementing policies that led to the lack of or inadequacy of training his deputies in their handling of inmates and that he maintained and fostered a widespread or longstanding custom and practice of allowing inmates to be abused by his deputies. Id. ¶¶ 17–18.

"A supervisor may be held liable under § 1983 if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." Cunningham v. Gates, 229 F.3d 1271, 1292 (9th Cir. 2000), as amended (Oct. 31, 2000). Supervisory liability is imposed against a supervisory official "in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others." Menotti v. City of Seattle, 409 F.3d 1113, 1149 (9th Cir. 2005) (quoting Larez v. City of L.A., 946 F.2d 630, 646 (9th Cir. 1991)). A supervisor is also liable for actions that set "in motion a series of acts by others which the actor knows or reasonably should know

would cause others to inflict the constitutional injury." Johnson v. Duffy, 588 F.2d 740, 743–44 (9th Cir. 1978).

Similar to the County above, the allegations against Sheriff Moore are merely recitations of the law. For example, allegations that Sheriff Moore knew or should have known about Simmons' conduct or of the retaliatory acts against Plaintiff are insufficient to demonstrate personal involvement on the part of Sheriff Moore. Furthermore, Plaintiff alleges that Sheriff Moore failed to adequately train Simmons and his subordinate staff but again there are no facts explaining what training practices existed or how these practices were deficient. Therefore, Plaintiff's First Claim for Relief against Sheriff Moore is also DISMISSED with one final leave to amend.

**B.    Second Claim for Relief: Violation of the First Amendment**[6]

Plaintiff alleges that after she filed a complaint against Simmons, she was branded a "snitch" and suffered acts of retaliation by Simmons and other deputies. FAC ¶ 15. Plaintiff also claims the County has ratified acts of retaliation against inmates for filing grievances or complaints against deputies and staff over the last 10 years. Id. ¶¶ 41–42. In order to state a claim for First Amendment retaliation, Plaintiff must demonstrate that: (1) an official took an adverse action against Plaintiff; (2) the adverse action was taken because Plaintiff engaged in the protected conduct; (3) the adverse action chilled Plaintiff's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005); Barnett v. Centoni, 31 F.3d 813, 815–16 (9th Cir. 1994).

Plaintiff only alleges that branding an inmate a "snitch" puts that inmate's life in danger. FAC ¶ 41. However, Plaintiff does not provide any facts indicating she was attacked or threatened by Simmons, deputies, or staff as a result of that label. See Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (finding viable First Amendment retaliation claim when plaintiff alleged that officials called him a "snitch" in front of other prisoners for filing grievances, and prisoners threatened him with harm as a

---

[6] It does not appear that this claim applies to Sheriff Moore. See FAC, at 8–9.

result). Furthermore, Plaintiff fails to show that any adverse action was taken against her for retaliatory reasons or that her First Amendment rights were chilled because of such an action. Ultimately, the FAC lacks any factual allegations demonstrating that the County, by its own actions or by the actions of its officials, maintained an official or de facto policy of retaliating against inmates for filing grievances against deputies or staff. Accordingly, Plaintiff's Second Claim for Relief against the County is DISMISSED with final leave to amend.

**CONCLUSION**

For the foregoing reasons, the County and Sheriff Moore's Motion to Dismiss, ECF No. 12, is GRANTED with one final leave to amend.[7] Plaintiff may, but is not required to, file an amended complaint not later than twenty (20) days after the date this Memorandum and Order is filed electronically. If no amended complaint is filed within said twenty (20)-day period, Plaintiff's claims against the County and Sheriff Moore will be deemed dismissed without leave to amend upon no further notice to the parties.

IT IS SO ORDERED.

Dated: May 4, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[7] The Court notes that Plaintiff's Opposition does not address the County and Sheriff Moore's arguments presented in their Motion to Dismiss and instead repeats the allegations set forth in the FAC. See generally Pl.'s Opp., ECF No. 14. Furthermore, Plaintiff was previously given leave to amend her Monell claims and to properly state a claim against Sheriff Moore, but the FAC fails to cure these deficiencies. See Order, ECF No. 10. Nevertheless, out of an abundance of caution, the Court will give Plaintiff one final opportunity to amend her claims for relief.