1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTAL MOSTEIRO, | No.  2:19-cv-00593-MCE-DB |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| ZACHARY SIMMONS, | |
| Defendant. | |

Plaintiff Christal Mosteiro ("Plaintiff") initiated this civil rights action against Defendant Sheriff's Deputy Zachary Simmons ("Simmons"),[1] alleging violations of Plaintiff's First and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983.  First Amended Compl., ECF No. 11 ("FAC").  Presently before the Court is Simmons' Motion to Dismiss Plaintiff's FAC pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]  Mot. Dismiss, ECF No. 25.  For the reasons set forth below, Simmons' Motion is GRANTED.[3]

///

///

---

[1] Defendants San Joaquin County and Sheriff Steve Moore were previously dismissed.  See ECF No. 17.

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

[3] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Local Rule 230(g).

1

1
2

## BACKGROUND[4]

Plaintiff alleges that while she was a pre-trial detainee at the San Joaquin County Jail, Simmons engaged in sexual battery, sexual harassment, and sexual discrimination against her.  According to Plaintiff, Simmons, who was assigned to her housing area, committed the following acts on more than one occasion:  (1) he visited Plaintiff's housing cell and asked her and her cellmate if they had boyfriends; (2) he came to Plaintiff's housing cell at 3 a.m. and asked her and her cellmate if they were ready "to play with their pussies"; and (3) he grabbed Plaintiff's buttocks for sexual gratification.  Plaintiff further alleges that Simmons propositioned her to have sex with him in exchange for favors.  Lastly, when Plaintiff filed a complaint against Simmons for his conduct, he allegedly called Plaintiff a "snitch," leading to acts of retaliation by Simmons and other staff members.

## STANDARD

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (internal citations and quotations omitted).

---

[4] The following recitation of facts is taken, sometimes verbatim, from Plaintiff's FAC.

1    A court is not required to accept as true a "legal conclusion couched as a factual

2    allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at

3    555).  "Factual allegations must be enough to raise a right to relief above the speculative

4    level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller,

5    Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must

6    contain something more than "a statement of facts that merely creates a suspicion [of] a

7    legally cognizable right of action")).

8            Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket

9    assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and

10   quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard

11   to see how a claimant could satisfy the requirement of providing not only 'fair notice' of

12   the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright &

13   Miller, supra, at 94, 95).  A pleading must contain "only enough facts to state a claim to

14   relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . . have not nudged their

15   claims across the line from conceivable to plausible, their complaint must be dismissed."

16   Id.  However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that

17   actual proof of those facts is improbable, and 'that a recovery is very remote and

18   unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

19           A court granting a motion to dismiss a complaint must then decide whether to

20   grant leave to amend.  Leave to amend should be "freely given" where there is no

21   "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice

22   to the opposing party by virtue of allowance of the amendment, [or] futility of [the]

23   amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.

24   Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to

25   be considered when deciding whether to grant leave to amend).  Not all of these factors

26   merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .

27   carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,

28   185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that

3

1    "the complaint could not be saved by any amendment."  Intri-Plex Techs., Inc. v. Crest

2    Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d

3    1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160

4    (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . .

5    constitutes an exercise in futility . . . .")).

6

7    **ANALYSIS**

8

9      **A.     Statute of Limitations**

10        Simmons first seeks dismissal of Plaintiff's claims on grounds that they are time-

11    barred.  Mot. Dismiss, ECF No. 25, at 5–6.  Since § 1983 does not contain a statute of

12    limitations provision, federal courts borrow the forum state's statute of limitations for

13    personal injury actions which in this case occurred in California.  Carpinteria Valley

14    Farms, Ltd. v. Cnty. of Santa Barbara, 344 F.3d 822, 828 (9th Cir. 2003) (citing Knox v.

15    Davis, 260 F.3d 1009, 1012 (9th Cir. 2001)).  The relevant statute of limitations is

16    therefore two years.  See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (citing Cal.

17    Civ. Proc. Code § 335.1).

18        A statute of limitations defense may be raised in a motion to dismiss if the running

19    of the statute is apparent from the face of the complaint.  See Ledesma v. Jack Stewart

20    Produce, Inc., 816 F.2d 482, 484 n.1 (9th Cir. 1987).  In this case, the FAC does not

21    provide or allege any dates as to when the alleged events occurred.  See ECF No. 16,

22    at 4 n.5.  Simmons refers to Plaintiff's California Government Tort Claim form, which

23    alleges that Plaintiff's injuries occurred on October 8, 2015, and asks the Court to take

24    judicial notice of this document.  Mot. Dismiss, ECF No. 25, at 5–6; see Ex. A, Maiolini

25    Decl., ECF No. 6-2, at 4.  "When ruling on a Rule 12(b)(6) motion to dismiss, if a district

26    court considers evidence outside the pleadings, it must normally convert the 12(b)(6)

27    motion into a Rule 56 motion for summary judgment, and it must give the nonmoving

28    party an opportunity to respond."  United States v. Ritchie, 342 F.3d 903, 907 (9th Cir.

4

1    2003) (citing Fed. R. Civ. P. 12(b)).  "A court may, however, consider certain materials—

2    documents attached to the complaint, documents incorporated by reference in the

3    complaint or matters of judicial notice—without converting the motion to dismiss into a

4    motion for summary judgment."  Id. at 908 (citations omitted).  Plaintiff does not oppose

5    this request or dispute the authenticity of the form and in fact accepts October 8, 2015,

6    as the date of her alleged injuries.  See Pl.'s Opp'n Mot. Dismiss, ECF No. 27, at 4.

7    Accordingly, the Court takes judicial notice of Plaintiff's California Government Tort

8    Claim form.  See Fed. R. Evid. 201(b) (stating "[t]he court may judicially notice a fact that

9    is not subject to reasonable dispute because it . . . can be accurately and readily

10   determined from sources whose accuracy cannot reasonably be questioned."); Lee v.

11   City of L.A., 250 F.3d 668, 689 (9th Cir. 2001) (holding a court may take judicial notice of

12   matters of public record).

13       In her Opposition, Plaintiff adopts October 8, 2015, as the appropriate date, and

14   does not dispute that the relevant limitations period is two years.  See Pl.'s Opp'n Mot.

15   Dismiss, ECF No. 27, at 3–4.  Nevertheless, Plaintiff argues that she is entitled to tolling

16   pursuant to California Code of Civil Procedure § 352.1 ("§ 352.1"), which provides that

17   the statute of limitations is tolled for two years if the plaintiff is, "at the time the cause of

18   action accrued, imprisoned on a criminal charge, or in execution under the sentence of a

19   criminal court for a term less than for life."  Id. at 4; Cal. Civ. P. Code § 352.1(a).  The

20   parties disagree over whether § 352.1 applies, with Defendant arguing that "this section

21   does not apply to pre-trial detainees in county jails."  Simmons' Reply ISO Mot. Dismiss,

22   ECF No. 28, at 5 (citing Austin v. Medicis, 21 Cal. App. 5th 577, 597 (2018)); see FAC

23   ¶ 10 (stating Plaintiff "was a pre-trial detainee at the San Joaquin County Jail").

24       On the other hand, Plaintiff alleges that § 352.1 is applicable because she "was

25   continuously incarcerated from the time of the incident in October 2015 to July 17, 2018,

26   when she was released from prison."  Pl.'s Opp'n Mot. Dismiss, ECF No. 27, at 4 (citing

27   Elliott v. City of Union City, 25 F.3d 800, 803 (9th Cir. 1994)).  The problem is that

28   Plaintiff did not include the aforementioned dates or any allegations whatsoever about

1  her incarceration history in the FAC, and thus it is not apparent from the face of the FAC

2  whether Plaintiff is entitled to tolling under § 352.1.  Accordingly, Simmons' Motion to

3  Dismiss on grounds that Plaintiff's FAC is time-barred is GRANTED with leave to amend.

4  **B.    Second Claim for Relief:  Violation of the First Amendment**

5          Alternatively, should the Court find Plaintiff's FAC timely, Simmons seeks

6  dismissal of Plaintiff's First Amendment claim.  Mot. Dismiss, ECF No. 25, at 7–8.

7  Plaintiff alleges that after she filed a complaint against Simmons, she was branded a

8  "snitch" and suffered acts of retaliation by Simmons and other deputies.  FAC ¶ 15; see

9  also id. ¶ 41 (stating that branding inmates "snitches" puts their lives in danger).  In order

10 to state a claim for First Amendment retaliation, Plaintiff must demonstrate that:  (1) an

11 official took an adverse action against Plaintiff; (2) the adverse action was taken

12 because Plaintiff engaged in the protected conduct; (3) the adverse action chilled

13 Plaintiff's First Amendment rights; and (4) the adverse action did not serve a legitimate

14 penological purpose.  Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005);

15 Barnett v. Centoni, 31 F.3d 813, 815–16 (9th Cir. 1994).

16         This Court previously found that the FAC fails to state a sufficient First

17 Amendment retaliation claim.  See ECF No. 16 at 7–8.  In her Opposition, Plaintiff for the

18 first time alleges that, in response to being labeled a snitch, "Plaintiff immediately began

19 to receive threats of violence from fellow inmates" and that her "privileges as a trustee

20 were immediately removed" by jail staff members.  Pl.'s Opp'n Mot. Dismiss, ECF

21 No. 27, at 6.  None of these allegations are found in the FAC and thus the Court will not

22 consider them now in ruling on Simmons' Motion.  Therefore, Plaintiff's First Amendment

23 retaliation claim is DISMISSED with leave to amend.

24 ///

25 ///

26 ///

27 ///

28 ///

**CONCLUSION**

For the foregoing reasons, Simmons' Motion to Dismiss Plaintiff's FAC, ECF No. 25, is GRANTED with final leave to amend.[5]  Plaintiff may, but is not required to, file a Second Amended Complaint <u>against Simmons only</u> not later than twenty (20) days after the date this Memorandum and Order is electronically filed.  If no Second Amended Complaint is timely filed, Plaintiff's claims will be deemed dismissed without leave to amend upon no further notice to the parties.

IT IS SO ORDERED.


Dated:  March 25, 2022

MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE

---

[5] The Court previously gave Plaintiff one last opportunity to amend her claims as to former Defendants San Joaquin County and Sheriff Moore.  <u>See</u> ECF No. 16, at 8 & n.7.  Because this is the first Motion to Dismiss filed by Simmons and the Court had not previously addressed the merits of the statute of limitations arguments, the Court finds it appropriate to give Plaintiff leave to amend her claims as to Simmons.  However, the deficiencies in the FAC noted here were addressed in the Court's prior Order so this will be Plaintiff's final opportunity to state a claim against Simmons.