UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTAL MOSTEIRO,<br><br>   Plaintiff,<br><br>   v.<br><br>ZACHARY SIMMONS,<br><br>   Defendant. | No.  2:19-cv-00593-MCE-DB<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Christal Mosteiro ("Plaintiff") initiated this civil rights action against Defendant Sheriff's Deputy Zachary Simmons ("Defendant"), alleging violations of Plaintiff's First and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983.  Second Am. Compl., ECF No. 30 ("SAC").  Presently before the Court are Defendant's Motion to Dismiss Plaintiff's SAC pursuant to Federal Rule of Civil Procedure 12(b)(6),[1] ECF No. 31, and Plaintiff's Motion for Leave to Amend to File a Third Amended Complaint ("TAC").  ECF No. 34.  For the reasons set forth below, Defendant's Motion is DENIED, and Plaintiff's Motion is GRANTED.[2]

///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

[2] Because oral argument would not have been of material assistance, the Court ordered these matters submitted on the briefs.  E.D. Local Rule 230(g).

1

# BACKGROUND[3]

Plaintiff alleges that while she was a pre-trial detainee at the San Joaquin County Jail, Defendant engaged in sexual battery, sexual harassment, and sexual discrimination against her.  On or around October 8, 2015, Defendant, who was regularly assigned to Plaintiff's housing area, approached Plaintiff and her cellmate's housing cell and asked them if they had boyfriends.  Defendant then asked them if they were ready, and when Plaintiff and her cellmate asked what he meant, Defendant replied "to play with their pussies."  Next, Defendant allegedly grabbed Plaintiff's buttocks for sexual gratification and then propositioned her to have sex with him in exchange for favors in the jail.  Plaintiff subsequently filed a grievance against Defendant for his conduct, but when Defendant learned of this, he labeled Plaintiff a "snitch" throughout the jail with the intent to have Plaintiff harmed by other inmates or jail staff.  As a result of the label, Plaintiff began receiving threats of violence from fellow inmates and was treated adversely by staff members, such as having her privileges as a trustee removed.  Plaintiff's criminal case concluded in November 2015, and she was immediately sentenced to six years and eight months in state prison.  Three weeks after receiving her sentence, Plaintiff was transferred to state prison and was released on July 19, 2018.

# STANDARDS

**A.    Motion to Dismiss Pursuant to Rule 12(b)(6)**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of

---

[3] The following recitation of facts is taken, sometimes verbatim, from Plaintiff's SAC.

what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the]

amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment."  Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

**B.   Motion to Amend**

Generally, a motion to amend is subject to Rule 15(a), which provides that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, once a Pretrial Scheduling Order ("PTSO") is filed pursuant to Rule 16, "that rule's standards control[]."[4]  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–08 (9th Cir. 1992).  Under Rule 16(b), a party seeking leave to amend must demonstrate "good cause," which primarily considers the "diligence of the party seeking amendment."  Id. at 609.  "If the party was not diligent, the inquiry should end."  Id. Although "the focus of the inquiry is upon the moving party's reasons for seeking modification[,]" a court may make its determination by noting the prejudice to other parties.  Id.

If good cause is found, the court must then evaluate the request to amend the complaint in light of Rule 15(a)'s liberal standard.  Leave to amend should be granted unless amendment:  (1) would cause prejudice to the opposing party, (2) is sought in bad faith, (3) creates undue delay, or (4) is futile.  Chudacoff v. Univ. Med. Ctr. of S.

---

[4] Contrary to Plaintiff's assertion, see Pl.'s Mot. Leave to Amend, ECF No. 34, at 2, the Court issued a pretrial scheduling order on September 13, 2019.  ECF No. 5.

Nev., 649 F.3d 1143, 1153 (9th Cir. 2011) (citing Foman, 371 U.S. at 182).  "Because Rule 16(b)'s 'good cause' inquiry essentially incorporates the first three factors, if a court finds that good cause exists, it should then deny a motion for leave to amend only if such amendment would be futile."  Baisa v. Indymac Fed. Reserve, No. 2:09-CV-01464-WBS-JFM, 2010 WL 2348736, at *1 (E.D. Cal. June 7, 2010).

## ANALYSIS

### A.   Defendant's Motion to Dismiss

Defendant seeks dismissal of Plaintiff's claims on grounds that they are time-barred.  See Def.'s Mot. Dismiss, ECF No. 31, at 4–7.  Since § 1983 does not contain a statute of limitations provision, federal courts borrow the forum state's statute of limitations for personal injury actions.  Carpinteria Valley Farms, Ltd. v. Cnty. of Santa Barbara, 344 F.3d 822, 828 (9th Cir. 2003) (citing Knox v. Davis, 260 F.3d 1009, 1012 (9th Cir. 2001)).  The relevant statute of limitations is therefore two years.  See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (citing Cal. Civ. Proc. Code § 335.1).

There is no question that the alleged conduct occurred on October 8, 2015, that a two-year statute of limitations applies, and that Plaintiff did not file her original Complaint until April 4, 2019.  However, the parties disagree over whether Plaintiff is entitled to tolling pursuant to California Code of Civil Procedure § 352.1, which provides that the statute of limitations is tolled for two years if the plaintiff is, "at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life[.]"  Cal. Civ. P. Code § 352.1(a) (emphasis added).

In Elliott v. City of Union City, 25 F.3d 800 (9th Cir. 1994) ("Elliott"), "the Ninth Circuit [Court of Appeals] analyzed California Code of Civil Procedure § 352(a)(3), § 352.1's predecessor statute, and held that actual, uninterrupted incarceration is the touchstone for assessing tolling under § 352(a)(3), which covers all post-arrest custody

because there is little difference between being incarcerated pre-arraignment, pre-conviction or post-conviction[.]"[5] Kakowski v. Cnty. of Sacramento, No. 2:19-cv-0656 KJN P, 2020 WL 1046564, at *3 (E.D. Cal. Mar. 4, 2020), reconsideration denied, 2020 WL 5203432 (E.D. Cal. Sept. 1, 2020) (quoting Elliott, 25 F.3d at 803) (internal quotation marks omitted). However, a California Court of Appeal decision recently held, as a matter of first impression, "that a would-be plaintiff is 'imprisoned on a criminal charge' within the meaning of section 352.1 if he or she is serving a term of imprisonment in the state prison." Austin v. Medicis, 21 Cal. App. 5th 577, 597 (2018), reh'g denied (Apr. 11, 2018), review denied (June 13, 2018) ("Austin"). In other words, Elliott allows for tolling under § 352.1 to claims brought by pretrial detainees held in continuous custody, but under Austin, tolling is only allowed for claims brought by persons serving a term of imprisonment in state prison and not those brought by pretrial detainees.

"District courts are split on whether to apply Ninth Circuit precedent in Elliott or follow Austin." Ruiz v. Ahern, No. 20-cv-01089-DMR, 2020 WL 4001465, at *4 (N.D. Cal. July 15, 2020) ("Ruiz"). "After Austin, some district courts have continued to follow Elliott in applying section 352.1 to claims by individuals detained in county jail." Id. at *5 (collecting cases); see, e.g., Baros v. Ramirez, No. 5:17-cv-00948-R (SHK), 2019 WL 3849171, at *9 (C.D. Cal. June 5, 2019) ("Because Elliott remains good law in the Ninth Circuit, . . . the Court must apply the principles of the Elliott decision to Plaintiff's case unless and until the Ninth Circuit holds otherwise."). Defendant argues that this Court should instead apply Austin like other district courts because "federal courts must defer to 'the California Court of Appeal's interpretation of [a California statute] unless there is convincing evidence that the California Supreme Court would decide the matter differently.'" Def.'s Mot. Dismiss, ECF No. 31, at 7 (quoting Cal. Pro-Life Council, Inc. v. Getman, 328 F.3d 1088, 1099 (9th Cir. 2003)) (alteration in original); see also Garcia v.

---

[5] The only difference between the former § 352(a)(3) and the current § 352.1 is a limitation on the tolling period. See Baros v. Ramirez, No. 5:17-cv-00948-R (SHK), 2019 WL 3849171, at *6 (C.D. Cal. June 5, 2019) (stating that § 352(a)(3) allowed "tolling for an indefinite period," whereas § 352.1 added the phrase, "not to exceed two years").

6

Corral, No. 18-cv-04730-PJH, 2019 WL 931754, at *3 (N.D. Cal. Feb. 26, 2019) ("Elliott was issued prior to the enactment of section 352.1, and the state court has now ruled on this specific issue of state law."). The Court disagrees with Defendant.

"Ninth Circuit caselaw is binding authority that 'must be followed unless and until overruled by a body competent to do so.'" Ruiz, 2020 WL 4001465, at *5 (quoting Hart v. Massanari, 266 F.3d 1155, 1170 (9th Cir. 2001)). "Because the Ninth Circuit has not addressed the scope of § 352.1(a)'s applicability after the Austin decision was issued in 2018, Elliott remains precedent in the Ninth Circuit." Kakowski, 2020 WL 1046564, at *4. Defendant points to an unpublished Ninth Circuit decision in which the court stated that it was "obligated to follow" the California Court of Appeal's decision in Austin "in the absence of evidence that the California Supreme Court would rule to the contrary[.]" Shaw v. Sacramento Cnty. Sheriff's Dep't, 810 F. App'x 553, 554 (9th Cir. June 23, 2020). In response, however, the Court adopts the reasoning set forth in Ruiz:[6]

> The court acknowledges that the Ninth Circuit recently issued a decision that follows Austin. See Shaw v. Sacramento [Cnty.] Sheriff's Dep't, [810] Fed App'x [553, 554], 2020 WL 3428856, at *1 (9th Cir. June 23, 2020). However, that opinion is unpublished and is not binding authority. See Fed. R. App. P. Rule 32.1 (U.S. Ct. of App. 9th Cir. Rule 36-3(a) ("Unpublished dispositions and orders of this Court are not precedent, except when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion."). The Ninth Circuit has made clear that "[o]nce a panel resolves an issue in a precedential opinion, the matter is deemed resolved, unless overruled by the court itself sitting en banc, or by the Supreme Court." Hart, 266 F.3d at 1171. It is worth noting that Shaw contains a one-paragraph discussion of section 352.1 and does not mention Elliott. Elliott is precedential authority that is directly on point in this case and has not been overturned by the Ninth Circuit sitting en banc. See id. ("[C]aselaw on point is the law."). Therefore, this court must follow Elliott unless and until the Ninth Circuit revisits that case in a binding opinion.

2020 WL 4001465, at *5.[7]

---

[6] The district court in Ruiz also questioned the reasoning of Austin. See 2020 WL 4001465, at *6–7.

[7] In any event, the district court in the underlying Shaw case found that Elliott was "factually distinguishable . . . because Plaintiff spent one night in county jail while the plaintiff in Elliott remained in

7

"Because Elliott controls, the [C]ourt will apply the two-year tolling of section 352.1 in addition to the two-year statute of limitations under section 335.1, for a total of four years." Id. at *7.  Because Plaintiff had four years to file her Complaint from October 8, 2015, and did so on April 4, 2019, Plaintiff's claims are not time-barred.  Accordingly, Defendant's Motion to Dismiss on statute of limitations grounds is DENIED.[8]

### B. Plaintiff's Motion for Leave to Amend[9]

Plaintiff seeks to "amend her complaint to include the additional claim of deliberate indifference, stemming from the Defendant labeling the Plaintiff a snitch, which put her in real danger."  Pl.'s Mot. Leave to Amend, ECF No. 34, at 2; see Proposed TAC, ECF No. 34-1, at 7 (adding a third claim titled "Risk to Plaintiff's Safety" in violation of her Fourteenth Amendment rights).  The proposed TAC does not include any additional or new allegations, and the proposed third claim relies on the same allegations as those underlying Plaintiff's First Amendment retaliation claim.  See id.

Because the pretrial scheduling order has already been issued in this case, the Court must first determine whether the good cause requirement under Rule 16(b) is satisfied.[10]  In opposition to Plaintiff's Motion, Defendant questions why Plaintiff did not include this third cause of action in any of her previous complaints and argues that Plaintiff violated this Court's prior order that granted Plaintiff "final leave to amend" her claims against Defendant.  Def.'s Opp'n Mot. Leave to Amend, ECF No. 37, at 5.

---

uninterrupted custody from the time of his arrest until he was convicted and sent to state prison." Shaw v. Sacramento Cnty. Sheriff's Dep't, 343 F. Supp. 3d 919, 924 (E.D. Cal. 2018), aff'd in part, 810 F. App'x 553, 554 (9th Cir. June 23, 2020) (finding "the district court was correct to hold that her one-day detention in a county jail did not entitle her to tolling under" § 352.1); see also Baros, 2019 WL 3849171, at *9 (noting that "recent federal decisions have either expressly applied Elliott's continuous custody rule or distinguished from Elliott when addressing questions of tolling for disability of imprisonment").

[8] Because the Court is granting Plaintiff's Motion for Leave to Amend, see infra Part B, the Court need not address at this time Defendant's alternative argument that Plaintiff has failed to state a First Amendment retaliation claim.

[9] Plaintiff's Ex Parte Application to File a Late Reply Brief to her Motion for Leave to Amend, ECF No. 39, is GRANTED.

[10] Neither party addresses Rule 16's good cause requirement, only Rule 15(a) and the Foman factors.

However, the SAC is the first iteration of a complaint to include more specific allegations relating to Defendant allegedly labeling Plaintiff a "snitch" which led, in part, to Plaintiff receiving threats from other inmates. See SAC ¶¶ 31–35. Although this case was filed back in 2019, service on Defendant was completed on August 19, 2021, and he filed his first responsive pleading, i.e., a motion to dismiss, on September 8, 2021. See ECF Nos. 23–25. According to Plaintiff, "[d]iscovery has not begun to take place in this case." Pl.'s Mot. Leave to Amend, ECF No. 34, at 4. Lastly, no trial date has been set. Absent a proper reason as to why Plaintiff has not demonstrated good cause, the Court turns to whether Plaintiff has satisfied the requirements of Rule 15(a).

Defendant first argues that amendment is futile because Plaintiff's proposed claim fails to state a claim for relief. Def.'s Opp'n Mot. Leave to Amend, ECF No. 37, at 3–4. For purposes of this Motion, the Court declines to consider such an argument. Although Defendant's arguments concerning the sufficiency of Plaintiff's proposed claim may have merit, they should be advanced in a fully briefed motion to dismiss under Rule 12. See Anthony v. Harmon, No. 2:09-cv-02272-MCE-KJM, 2010 WL 4720889, at *2 (E.D. Cal. Nov. 17, 2010) (explaining that "courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.") (citation omitted); Lillis v. Apria Healthcare, No. 12-cv-52, 2012 WL 4760908, at *1 (S.D. Cal. Oct. 5, 2012) (same).

Next, Defendant contends that Plaintiff has acted in bad faith because, in granting Defendant's prior motion to dismiss, this Court gave Plaintiff "final leave to amend," and Plaintiff's attempt to amend her complaint violates that order. Def.'s Opp'n Mot. Leave to Amend, ECF No. 37, at 4–5. However, as previously stated, Plaintiff is only adding a new cause of action and not any new allegations. As for the remaining factors of undue delay and prejudice, the deadline for the completion of discovery has not yet expired, no trial date has been set, and this case is still in its early stages. In light of the foregoing, the Court finds that leave to file the TAC is appropriate and thus Plaintiff's Motion for Leave to Amend is GRANTED.

**C.     Defendant's Request for Stay and Order for Interlocutory Appeal**

In the event the Court denied his Motion to Dismiss, "Defendant respectfully requests that the Court stay this matter and enter an order pursuant to 28 U.S.C. § 1292(b) to facilitate an interlocutory appeal for the Ninth Circuit to resolve" the issue of whether Elliott or Austin controls regarding the application of tolling under § 352.1 to pretrial detainees.  Def.'s Reply ISO Mot. Dismiss, ECF No. 36, at 4 n.2.  Pursuant to 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal if it (1) "involves a controlling question of law," (2) there is "substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  See Reese v. BP Expl. (Ak.) Inc., 643 F.3d 681, 687–88 (9th Cir. 2011); Fed. R. App. P. 5(a)(3).  The Court finds each of the requirements are established here.

First, the Court's ruling on the statute of limitations issue involves a controlling question of law.  Second, there is substantial ground for difference of opinion as evidenced by the split of authority among California district courts as to whether Elliott or Austin controls.  Lastly, the Court finds that resolution of an interlocutory appeal will wholly advance this case, which is still in its early stages with no imminent trial date, because whether Plaintiff is entitled to tolling under § 352.1 will be dispositive as to whether Plaintiff's case will move forward or be dismissed.  As a result, Defendant's request for an order for interlocutory appeal is GRANTED.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's SAC, ECF No. 31, is DENIED.  Plaintiff's Motion for Leave to Amend, ECF No. 34, is GRANTED.  Plaintiff's Ex Parte Application to File Late Reply Brief, ECF No. 39, is also GRANTED.  Because the necessary conditions for an interlocutory appeal under 28 U.S.C. § 1292(b) are satisfied, the Court further grants Defendant permission to appeal to the Ninth Circuit

Court of Appeals. This case is STAYED pending resolution of a petition for permission to appeal to the Ninth Circuit Court of Appeals and any subsequent appellate proceedings. Not later than ninety (90) days following the date this Memorandum and Order is electronically filed, and every ninety (90) days thereafter until the stay is lifted, the parties are directed to file a Joint Status Report advising the Court as to the status of the proceedings before the Ninth Circuit.

IT IS SO ORDERED.

DATED: September 26, 2022

_____
MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE